UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRISTIAN J. SCHROEDER,<br><br>                Plaintiff,<br><br>vs.<br><br>STEPHEN FRASIER, *et al.*,<br><br>                Defendants. | Case No. 2:08-cv-00035-RLH-GWF<br><br>**ORDER & FINDINGS AND RECOMMENDATIONS**<br><br>**Application to Proceed *In Forma Pauperis* (#1)** |

This matter is before the Court on Plaintiff's Application to Proceed *In Forma Pauperis* and Complaint (#1), filed on January 9, 2008.

**DISCUSSION**

I.    **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding

1  of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the
2  wholly incredible, whether or not there are judicially noticeable facts available to contradict them."
3  *Denton*, 504 U.S. at 33.  When a court dismisses a complaint under § 1915(e), the plaintiff should be
4  given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from
5  the face of the complaint that the deficiencies could not be cured by amendment.  *See Cato v. United*
6  *States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

7  Plaintiff alleges that the Bensenville Police are intentionally hiding their criminal activity when
8  they "pester[ed] the Plaintiffs folks in July of 2007 with 'false' claims of a charge of unlawful discharge
9  of a weapon and the notifying from Dupage county to law enforcement agencies of wanted felon,
10  dangerous felon, armed fugitive & or violent armed assaulter ...."

11  Plaintiff further alleges that Stephen Frasier, an employee of Dupage County, "committed
12  perjury in testimony of April 2004."  Plaintiff alleges that Dupage County failed to arrive in Maricopa
13  County in Phoenix, AZ for extradition hearings.  Plaintiff alleges that "they" continue to "spew false,
14  evil, venomous, slanderous, and harmful lies of the Plaintiff's status as a free and just citizen."  Plaintiff
15  alleges that Dupage County failed to answer Freedom of Information Act requests "for any other
16  alleged felony [violent felonies that they have not bothered to attend extraditions for] against their own
17  officers, where the extradition was 500 miles or greater."  Plaintiff further alleges that "Dupage County
18  workers modus operandi is the attempt to aid the felony actions of Stephen Frasier ...."  The Court finds
19  that these allegations are irrational, wholly incredible, and frivolous.

20  Pursuant to 28 U.S.C. § 1391(b)(1), the Court also finds that the United States District Court for
21  the Northen District of Illinois would be the proper venue.  Accordingly,

22  IT IS HERBY ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (#1) is
23  **granted**.  Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty dollars
24  ($350.00).

25  **IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint.

26  **RECOMMENDATION**

27  Based on the foregoing, it is the **recommendation** of the undersigned United States Magistrate
28  Judge that the Complaint should be **dismissed** with prejudice based on an indisputably meritless legal

theory and frivolity.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within ten (10) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 16th day of January, 2008.

_____
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**